Then we'll get started. This is case number 420-0188, Bennett v. Bennett. For the appellant is, are you appearing for the appellant, Mr. Riviere? Oh, I'm sorry, your honor. I believe I thought I changed my name. My name is Joshua Emberton on behalf of the appellant. Joseph Bennett. You're Joshua Emberton? That's correct, your honor. Okay, Mr. Emberton appearing on behalf of the appellant and Ms. Simone, is that pronounced correctly? Simone, that's correct. Okay, you're appearing on behalf of the appellee and without further ado then, Mr. Emberton, you may proceed. May it please the court. My name is Joshua Emberton and I represent the appellant, Joseph Bennett in this case. Your honors, the primary issue in this case involves the duration of an order of protection that was entered on November 12th, 2015. This originally started when the parties were married and their marriage broke down. And on April 19th, 2013, Ms. Bennett filed her emergency order of protection, which is C-61 in the court record and A-61 in our appendix. Now, two years have gone by and after the hearing on October 25th, 2013, I'm sorry, on September 1st, 2015, Ms. Bennett filed her pro se request to extend that very same plenary order of protection. And in that request, she requested the extension to be indefinitely based on no material change in circumstances. This can be found in C-141 of the court record or 141 of our appendix. Now, Ms. Dale alleged that she feared that if Mr. Bennett knew her location, he would show it to her employer unannounced. And at the time, Mr. Bennett lived in Florida when he was served on October 13th, 2015 with the extension of the plenary order of protection, which is also at C-114 of the court record and 114 of our appendix. Now, the primary issue in this case revolves around the extension of the plenary order of protection, whether the plenary order of protection could be extended to up to a limit of a fixed period of time of two years, or if it could be extended indefinitely. Now, and I would like to address that issue that is our interpretation of the Illinois Domestic Violence Act, more specifically section 220, that the extension of an order of protection can only be extended up to a fixed period of time, not to exceed two years. Now, this is a question of law and I don't think the appellee contends that the correct standard of review here is de novo. So we'll proceed accordingly. Now, under section 220 of the Illinois Domestic Violence Act, subpart B, it delineates specific timeframes in which plenary orders of protection can be extended. Specifically says plenary orders of protection entered under this act shall be valid for a fixed period of time, not to exceed two year. This is important language here because this is the plain meaning of the statute. It's saying that any plenary order of protection entered under this act, which includes extensions of plenary orders of protection. The Illinois Domestic Violence Act only labels three different types of orders of protection, which are emergency orders of protection, interim, and plenary orders of protection. There's not a fourth type of an order of protection, which, so in this case, the plenary order of protection that was extended on November 12th, 2015, remains a plenary order of protection, and it is limited by the requirements of subsection B of the Illinois Domestic Violence Act, section 220. Now, on November 12th, the court did the exact opposite of what our interpretation of the act states. The court extended the Illinois order of protection indefinitely. And the court and the appellee reason that subsection E, the specific language in subsection E gives, authorizes this indefinite extension, or specifically that the language in subsection E requires that orders of protection can be extended upon good cause shown to remain in effect until vacated or modified. However, that's in direct confliction with the requirements of subsection B, which requires a fixed period of time not to exceed two years. The plain language of the statute labels subsection B as duration, whereas subsection E is not labeled duration, and it has no indication that it's supposed to be labeled duration or affect the duration of plenary orders of protection. However- Expanding on it, we're speaking an extension of a plenary order. Earlier subsection E with an extension. Does it? No, so the 2008 amendment didn't include that language. However, in 2017, they amended the language in the act to actually remove a specific language in subsection B, which I'll address later, which in the interpretation of the statute shows that the amendment in 2017 removed the language as provided, unless otherwise provided in a section, which was removed from the language of subpart B in 2017, which further enhances the view that subsection B is supposed to be the governing language regarding all plenary orders of protection, including extensions. So it's your position that the plenary order of protection last test of years cannot be extended period, period? No, it is our position that the plenary order of protection can only be extended two years. It can be extended multiple times so they can come back and keep extending it, just they can't extend it indefinitely. Council, in just a moment ago in defining subsection B, you at the very end incorporate extensions as well. What in the language of subsection B directly speaks to extensions? Well, subsection B says, plenary orders of protection entered under this act,  only extension of the plenary order of protection. All plenary orders of protection and extensions of orders of protection are plenary orders of protection in our view. And that doesn't change. So the durational limits would still apply to an extension. I suppose the distinction I'm referencing is the fact that in EATS discusses extensions. So, you know, it's a separate section of the statute, one speaking to the plenary order, the original plenary order and the other speaking to extensions and you seem to be reading those together. Yes, so in our interpretation of subsection E, we view that as setting the standard with which extensions can be granted. So in no material change in circumstance would be the standard if it's uncontested, supported by an affidavit. And if it is contested, the requirement of good cause shown would be interpreted as the next standard. There's nothing in subsection E that we read that specifically addressed words like duration or indefinite period of time, which sort of leads me to my next argument then is that, you know, the language in subsection E is a bit, if the court finds that that interpretation is reasonable, the language in subsection E is still ambiguous. Our interpretation is still a reasonable interpretation of section 220-0, just like, and if there are two reasonable interpretations, that creates ambiguity within the statute, one in which the court should look to the plain meaning of the language of the statute with which sort of come to a conclusion. And in coming to that interpretation of the statute, the court should avoid an unjust result. Here we find, here we find that the case law helps, while the cases that we cited are brief, while they are all pre-amendment cases, they do help support the interpretation that the Illinois Domestic Violence Act should be limited to a valid fixed period of time. Now, when there's ambiguity, both the plain language of the statute and previous case law in read together would support that the reasonable interpretation should err in favor of limiting the plenary order of protection to a specific valid period of time, not to exceed two years. I do want to address the legislative history a little bit. I know we talked about it already, but just to reiterate, the appellee does cite both a 2017 and a 2008 amendment. However, in the 2017 amendment, the language, the legislator specifically removed language that says acceptance otherwise provided in this section, which along with other language in the statute that says all plenary orders of protection entered under this act shall be valid for a fixed period of time, along with the interpretation that the Illinois legislature removed that language which leads one to believe that subsection B of 220 controls all plenary orders of protection. Therefore, the appellee's interpretation of section 220 of the Illinois Domestic Violence Act is incorrect, and that the Illinois Domestic Violence Act limits plenary orders of protection to be valid for a fixed period of time, not to exceed two years. Now, I do want to turn to my second argument, which the prior court order that extended the plenary order of protection was extended without good cause shown. Now, the original plenary order of protection that was extended, the extension was entered on November 12th, 2015, which is 143 of the court record and 143 of our appendix. Now, the prior court order was entered based on the default of the respondent, Mr. Bennett, and he didn't appear at the hearing. In the court order, no factual findings were made, and the petitioner's initial petition only indicated that no material change in circumstances had taken place. Given this fact that no material changes in circumstances had taken place and no factual findings to support any new facts that occurred, one can conclude that, one finds it hard to conclude that any good cause was shown. Now- Did you raise this argument at the trial level, counsel? No, Your Honor. Why isn't it forfeited? Well, forfeiture is, two reasons. Forfeiture is an admonishment on the party, so I would argue that the court, it's in the court's best interest to have a uniform body of law, and establishing a case that, and establishing the requirements of good cause shown may help future courts prevent this similar issue. And secondly, and more importantly, is I consider that this argument linked to our original argument, because in part, it deals with the interpretation of subsection E. Why didn't you have this court, in effect, reversing the trial court based upon an argument that never hurt? Your Honor, I would feel that it would be in the best interest of the parties. The answer to my question, yes? Yes. Why is that sound judicial practice, counsel? Well, in most circumstances, it wouldn't be, which we understand. However, given the facts of this case, and the fact that there's very little evidence of it, very few cases dealing with extensions of orders of protection indefinitely, or the requirement of good cause shown, we feel that in order to have a coherent and strong body of law, that it would be in the court's best interest to rule on this issue. Go ahead. So, in addressing our argument about good cause shown, the original order of protection was extended indefinitely based on the default of the petitioner, I'm sorry, the default of the respondent, and the petitioner's pleadings. In the petitioner's pleadings, they put no material change in circumstances. That is not the same as good cause shown, and there's no factual findings in the court or as that indicate otherwise, and that there's been no violations that occurred since then leads one to believe that if the court upholds the order of protection, or at least upholds the order of protection to be extended indefinitely, then that would sort of wipe out the requirement of no material change in circumstances in the statute. Essentially, no material change in circumstances would be the same as good cause shown. Any petitioner can come to court based on the same facts underlying the initial plenary order of protection, and that would be enough to warrant good cause shown for the extension of the plenary order of protection. In fact, 750 ILCS 50-224 specifically deals with altering or modifying an order of protection. Now, in this section, it specifically delineates some of the requirements that are required when you're going to modify or alter a plenary order of protection, which is what happened here. Here, the original order was for two years. Now, the petitioner came back two years later asking for a remedy greater than the remedy that she originally got when the initial plenary order of protection was entered into. The petitioner was asking for an indefinite order of protection. Now, this is also an unjust result. If an individual is complying with the order of protection, and then somebody comes back later, two years later, and is asking for a greater remedy against them, that makes little sense. Now, we did cite both staff in two cases in our brief, both staff and Lutz. And while I understand that both cases did not deal with indefinite extensions of plenary orders of protection, if you read those two cases in conjunction with section 224 of the Illinois Domestic Violence Act, one can come to the conclusion that something more is required to extend an Illinois order of protection indefinitely. And I want to be clear, we're not arguing that they didn't have the right to extend the order of protection for two years. What we're arguing is that no good cause was not shown to alter the remedy and extend the Illinois order of protection indefinitely. What if there was good cause shown? If there's good cause shown during an extension, then you're limited to additional two years? If there's good cause shown and you want to alter the remedy, you would still be subject to the requirements of section 224. And I would assume if you're showing good cause, you could probably meet at least subsection or subpart A of section 224 to get the remedy extended and it'd be extended indefinitely. However, in our brief subpart A, which is the subpart that would most likely be controlling here, would require some sort of new fact in order to get a greater remedy than was previously granted. In addition, it also provides the statute a little bit more bite for compliance in our argument because an individual who has subsequent violations after the initial order of protection could be faced with a greater order of protection if they have any subsequent violations of that plenary order of protection. Now, the appellee argues that the appellant is seeking to reopen the initial order of protection and he's seeking to reopen that judgment. That's what we're not trying to do. We're seeking to modify and terminate the order of protection, which under the marriage of Fisher, we have every right to do. It appears appellee cited section 2-1401 in the fact that Mr. Bennett did not bring his initial challenge within two years of the order of protection being entered. And that he's barred from trying to reopen the plenary order of protection now because two years has passed. However, both the statute and that in marriage of Fisher gives the courts continuing jurisdiction and also the authority to modify and vacate previous plenary orders of protection. So the two-year limitation, we argue, would not necessarily apply in this case. Otherwise, the appellant would be faced with a permanent injunction and have little recourse with which for them to be able to overturn that preliminary injunction. Now- What do you mean little recourse? Why couldn't he get into court and say, the circumstances are different and the order that was extended is no longer necessary? Well, in order to go to court, he would have to show a new change in law or new facts. And in order to do that, he would have to show new facts. And if he's complying with the court order, there would be little new facts that he'd be able to show other than his compliance, which wasn't, which two years when the order was initially extended, his compliance would have been enough to extend the order. And now we're asking that his compliance be enough for the order to be terminated. Such a conclusion would be a little bit in opposite of each other. Thank you. Your Honor, I would like to reserve my remaining time for the reply. 25 minutes regardless, counsel. I have nothing further, your Honor. Okay. Thank you, counsel. Ms. Simone, you may present your argument on behalf of the employee. May it please the court, counsel. My name is Susan Simone from Land of Lincoln Legal Aid, representing Julie Dale. The crux of the issue before the court is whether the plain meaning of the Illinois Domestic Violence Act allows a circuit court to extend an order of protection after the initial plenary has expired upon terms determined within the circuit court's discretion, including for an indefinite period of time. There is no challenge to the trial court's authority to extend plenary orders of protection. The only question is whether the trial court has the discretion to extend it indefinitely. Appellant asked this court to read in a limitation upon the court's authority that the legislature did not include, not in the initial writing or passage of the act, and not when the legislature amended the act. Briefly, your honors, Ms. Dale sought an order of protection in 2013. A lengthy evidentiary hearing was held in which both parties were represented and testified. Ms. Dale's testimony included that Mr. Bennett told her he hired a hitman to murder his business partner, that whenever he became angry, he would threaten her that he had killed before and he had no problem killing again, that a couple of months before she fled, she found him loading her gun while wearing rubber gloves he brought home from work and told her he never knew when he would need a loaded gun. It is against this background that before the plenary order was set to expire in 2015, Ms. Dale filed a motion asking the court to extend the order of protection indefinitely. After Mr. Bennett was served and defaulted, and when Ms. Bennett appeared in court, the trial court did grant an indefinite order of protection. I know the court is well-versed in the rules of statutory construction. Two of those rules of particular relevance here are that the court gives the statutory language in ordinary meaning, reading the statute as a whole, and that the Domestic Violence Act itself tells the court to construe its provisions liberally to promote its underlying purposes, including reducing an abuser's access to a victim so that victims are not trapped. Section 220B.05, upon which appellant relies, says that a plenary order of protection shall be for a fixed period not to exceed two years. So trial courts are empowered with discretion to enter plenaries and do enter plenaries for time periods as varied as six months to two years. But right away, Section 220B.1 carves out situations not limited to the two-year period of 220B.05. Of most interest is that Section 220B.1, Roman numeral II, allows a plenary order of protection incorporated into a final judgment in another proceeding, such as a dissolution action, to remain in effect until the order of protection is vacated or modified. There is no time limit imposed. This is the very same language at issue today in Section 220E, a separate section of 220 that the appellant relies on, separate from 220B as Justice Kavanaugh points out. In equal footing with 220B. 220E states an extension of the plenary order of protection may be granted upon good cause shown to remain in effect until the order of protection is vacated or modified. The Illinois legislature added this language to the Domestic Violence Act by amendment in 2008 by allowing extensions of orders of protection after the initial plenary is set to expire. The legislature made the sensible decision to allow those victims of domestic violence who are still in need of protection to have a legal avenue to obtain that protection. As this court has found, the language of the statute best indicates the legislative intent. Courts know every situation is different and some situations are extremely dangerous. Often the danger does not expire on an arbitrary timetable and the legislature recognized that continued and indefinite protection may be needed and thus gave trial courts that power. Appellant asks you to read the 2008 amendment a mandatory language out of the statute and his interpretation must be rejected as contrary to the text and purpose of the Domestic Violence Act. The appellant's remedies are to ask the legislature for the changes to the statute it seeks from this court. Let me repeat that, say that again. Appellant's remedies are to ask the legislature for the changes to the statute it seeks from this court or to avail himself of statutory mechanisms provided to modify the current order of protection. Even if there is any ambiguity, which there isn't, the legislature has directed that the Domestic Violence Act be liberally construed. The trial court's interpretation and ours supports the construction that would protect domestic violence victims indefinitely when good cause is provided to the court. Legislative intent is also demonstrated when the legislature amended the section 220 in 2017. In 2017, the quote, fixed period of time not to exceed two years and quote, that language was pulled out and made its own subsection under 220B. If the legislature wanted to impose the two-year time period on plenary orders of protection incorporated into final judgments, or if the legislature wanted to impose the two-year limit on plenary orders extended under 220E, it could have done so, but it did not. And because the legislature did not add the two-year limit to those provisions, they must have intended that extension orders and orders incorporated into judgments be without limit until vacated or modified. Appellant's interpretation would render the phrase until vacated or modified that was added in 2008 as mere surplusage in violation of established rules of statutory construction. And that interpretation must be rejected. I would like to say that the motion was not, the motion to terminate that appellant brought in the trial court was not brought under 220. Because if it were brought under 220, appellant would have had to allege changes or long facts, but he alleged nothing. Interestingly, appellant has never offered any reason why the extension order should be modified, has never offered any reason and has never contended that he no longer poses a danger to Ms. Dale and the children, and has never argued the extension order is unnecessary for their continued protection. Appellant says today that there were no violations, but there's nothing in the record to indicate whether or not, yes or no, there were violations. I would like to address the good cause argument a little bit more right now. Appellant asked this court for the first time on appeal to go back to November, 2015 and find the trial court improperly extended the order of protection, alleging there was no good cause, excuse me. First, appellant failed to raise this issue in the trial court, and it is therefore forfeited. He never argued to the trial court that good cause was not shown in 2015 when he filed his motion to terminate, did not argue lack of good cause when he filed his motion to reconsider. Appellant argues this court can still address the issue even if it is forfeited, but the court should not allow this dilatory appellant to raise the issue now when he has provided no reason whatsoever why he did not raise it from November, 2015 when the extension order was entered until the time he filed his appellate court brief. Even if there was no forfeiture, appellant cannot proceed to attack an order that was entered nearly four years earlier without complying with the requirements of 224 under the Domestic Violence Act. He could have argued to the trial court that there had been a change in law or facts since the extension, but he did not do so. Frankly, appellant has been dilatory in asking the court to excuse him without giving the court any reason why it should do so. Had he been concerned about an indefinite order protection, he would have showed up for court in 2015  Failing that, appellant could have filed a motion to set aside his default as soon as he was served with the indefinite order less than a week after it was entered. Failing that, the Illinois legislature has granted another two-year time period to ask courts to set aside a default under section 214.01 of the Rules of Civil Procedure. Of course, appellant would have had to provide an affidavit  but this argument is moot because appellant did not avail himself of the court procedures available to him to set aside his default. And to this day, more than five years after the trial court granted the extension order, appellant offers nothing to show he was diligent or that he had a meritorious defense to the motion to extend the order protection. Aside from the issue of forfeiture and failure to proceed under the tools afforded by both the Domestic Violence Act and the Rules of Civil Procedure, appellant failed to file a report of proceedings from the November 2015 hearing and never even requested that a report of proceedings be prepared. In Fouch v. O'Brien, which I know this court is well aware of, our Illinois Supreme Court said that the appellant has a burden to prevent a sufficiently complete record of the proceedings and in the absence of such a record, it will be presumed the order entered by the trial court was in conformity with the law and has a sufficient factual basis. Appellant argues that this court should consider the argument made in 2020 in which no party testified as to the factual basis to find that there was no good cause. Aside from appellant's failure to cite the record on appeal, arguments are not evidence. The motion filed in 2015 met the statutory requirements and we do not know what facts or testimony may have been presented to the trial court, whether the trial court asked Ms. Dale any questions from the branch when she was in open court, we just don't know what happened that day in court because there's no report of proceedings. So even if this court agrees that forfeiture should not apply and that he can set aside a default finding four years after the fact, Fouch says because there's no report of proceedings filed by the appellant, it's presumed the trial court's grant of the extension order was in conformity with the law and was properly supported by evidence. Finally, this was an uncontested request to extend the order protection indefinitely. Appellant did not show up after being duly served. The statute says a plenary order protection can be extended when uncontested on the basis of Ms. Dale's motion or affidavit that there's been no material change in relevant circumstances and stating her reasons, that she is fearful of her safety and the safety of her children. She feared if he knew where she was, he would show up unannounced and she was afraid how he would act and what he is capable of. Her fear is reasonable. Good cause does not require a violation of an order of protection. No violation demonstrates only that the order of protection has been effective, not that it is unnecessary or that there is no good cause for an extension. We don't wanna take away protection that is working. You'll recall that over a period of years, Mr. Bennett told Ms. Dale that he hired someone to kill his partner and repeatedly threatened that he had no problem killing her. That is good cause. We ask this court affirm the trial court's finding that the plenary order of protection can be extended indefinitely and that the trial court providently exercised its discretion to grant an indefinite extension of the order of protection. Thank you. Thank you, counsel. Mr. Umberton, do you have anything you'd like to present to the court in rebuttal? You have to unmute your screen. Sorry about that. Yes, your honor. The appellant is only asking this court to adhere to the explicit language of the statute. And like in previous cases that have held that when a court doesn't set a termination date, the order of protection will be terminated upon two years. Now I understand that those cases are pre-amendment cases. However, we feel the holding survives and the interpretation of the plain meaning of the statute, which is all plenary orders of protection entered under this act is still governed by those decisions. Next, I wanna address the appellee's second argument. The appellee had stated that subsection, subpart B, subsection, or subpart one of subsection B grants, mirrors the language used in subsection E of the Illinois Domestic Violence Act. And in doing so, this should be read together and to interpret an indefinite order of protection. However, subsection B deals with orders of protection entered in conjunction with other civil proceedings. The legislature had the knowledge and the foresight to differentiate between orders of protection entered under this act and orders of protection entered under in conjunction with other civil proceedings. However, in separating the two in subsection B. Appellee asks us, however, to forgive the legislature's not differentiating between extensions of orders, not explicitly differentiating between plenary orders of protection and extensions of order of protection in the same way they did so with subsection 0.05 and subsection 0.1. Next, I wanna address the appellee's argument about good cause shown. We're not seeking to terminate the order, to terminate the orders of protection from ever having been, the extension of the order of protection from ever having been entered in the first place. We're only seeking the requirement of good cause shown is an additional fact to show that if you're gonna alter a remedy, that you need to show an additional fact. This would be in compliance with section 224, which specifically states that if respondent has abused the petition, and the legislature is seeking to modify a plenary order of protection, they need to show, if they're gonna alter one of the remedies, they need to show that the respondent has abused the petitioner, or that the remedy wasn't originally requested or was denied on procedural grounds, which wasn't the case here. Now, appellate also adjusts the report of the proceedings. However, there was no report of the proceedings from the appellant's understanding. And based upon the motion, the motion and the court order, the order was entered in by the appellant's default, and no factual findings were made or excessively put in that court order. Why couldn't a bystander's record have been created to provide this court with what we need? Well, the appellant never attended that initial proceeding, so it'd be difficult for him to get the appellee to agree to facts that may be adverse to their case. Well, difficult to agree presumes that the appellee was asked and rejected it, or the court wasn't cooperative. You mean that's adequate to just assume that you're not gonna be able to prepare a bystander's record so you don't even have to try? No, but based upon the initial motion and the court findings, that should be sufficient enough of a record to support that no good cause was shown. And once again, I do wanna reiterate that we're not saying that the extension of order of protection could not be extended. It can only have been extended for two years. And so, like I previously said, good cause shown still requires that additional fact, which any additional fact, which in this case, he was held in default and there were no additional facts that were found during that time. I have nothing further, Your Honor. Okay, thank you, counsel. The court will take this matter under advisement and stand in recess at this time.